**Davinder PAUL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72970.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 23, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vera A. Weisz, Esq., Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William Campbell Erb, Jr., Mary Jane Candaux, Esq., U.S. Department of Justice, Washington, DC, for Petitioner.

Before: HALL, LEAVY and FISHER, Circuit Judges.

MEMORANDUM **

Davinder Paul, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

█ Substantial evidence supports the IJ's decision. Paul's testimony was implausible, contradictory, and he failed to mention that he was kidnaped by militants. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151–52 (9th Cir.1999). Moreover, he failed to produce any articles written by him discussing Minister Kaur. *See Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir. 2000). Paul has not shown that the documentary evidence presented compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi*, 336 F.3d at 993.

Because Paul failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Paul's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because Paul's due process argument regarding his opportunity to testify alleges the type of procedural error correctable by the BIA on appeal, his failure to raise the issue before that body constitutes a failure to exhaust. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004). We therefore lack jurisdiction to consider this argument.

Likewise, we lack jurisdiction to review Paul's CAT claim because he did not exhaust administrative remedies, and it was not properly argued in his brief. *See id.; Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**